UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID ROSADO,

          Plaintiff,

-vs-                                              Case No. 5:05-cv-166-Oc-10GRJ

GEORGIA-PACIFIC CORPORATION,
FRED JACKSON,

          Defendants.
_____

## **O R D E R**

This case involves a single claim of race discrimination under Florida's equal pay statute, Fla. Stat. § 725.07. The Plaintiff alleges that his employer, a company which does not have its principal place of business in Florida, and his direct supervisor, a Florida resident, intentionally mis-classified the Plaintiff's job title and paid him a lower salary because he is Hispanic. When Defendant Georgia-Pacific removed the case to this Court on the theory that joinder of the non-diverse party (*i.e.* Defendant Jackson) was "fraudulent," the Plaintiff moved for remand (Doc. 5). The Magistrate Judge issued a Report (Doc. 12) recommending that the motion to remand be denied. The Plaintiff has filed objections (Doc. 13) to the Magistrate Judge's report, and the Defendants have filed their response (Doc. 16) to the objections.

Upon an independent review of the file and upon due consideration, the Court concludes that the Magistrate's report and recommendation is due to be adopted,

confirmed, and made a part hereof.  The Magistrate Judge found, and the Court agrees, that the extant facts, consisting of the pleadings, deposition testimony, interrogatory responses and affidavits on file, when viewed in the light most favorable to the Plaintiff, permit no reasonable inferences to be drawn in favor of the Plaintiff's claims against Defendant Jackson.  There is simply no factual basis upon which it could be determined that Defendant Jackson played any role in the decision to classify and compensate the Plaintiff as a Store Room Manager instead of as a Purchasing Agent or Purchasing Manager.  Further, the Plaintiff's attempts to both revive his waived timeliness argument[1] and to reduce his damages claims below the $75,000 threshold at this late stage - in direct contrast to his own explicit sworn testimony and prior pleadings - are not well taken.[2] Accordingly the Court is satisfied that Defendant Jackson was joined only to prevent removal, and that Defendant Georgia-Pacific has established the $75,000 amount in controversy threshold.

In addition, the Plaintiff has filed a motion (Doc.  18), seeking leave to amend his complaint - in the event his motion to remand is denied - to add claims under Title VII of the

---

[1] The Court need not address whether Defendants' Notice of Removal was timely filed, as the Plaintiff clearly did not address this topic in his Motion to Remand, thereby waiving any procedural defects on Defendants' Notice.  See Wilson v. General Motors Corp., 888 F.2d 779, 781 n. 1 (11th Cir. 1989).  The Plaintiff's extremely belated request to amend his Motion to Remand to include such an argument - which was only brought to his attention by virtue of the Magistrate Judge's report and recommendation - is denied.

[2] In any event, even if the Plaintiff's after-the-fact attempts to reduce his lost wages claim to under $75,000 were accepted, his total claims, including emotional pain and suffering and punitive damages, still far exceed $75,000.

Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Florida Civil Rights Act of 1992, ("FCRA"), Fla. Stat. § 760.01, *et. seq.*, and the Federal Equal Pay Act, ("EPA"), 29 U.S.C. § 201, *eq seq.*. All of these claims are based on the same set of facts as the Plaintiff's initial claim under Fla. Stat. § 725.07 - *i.e.*, that Defendant Georgia-Pacific mis-classified Plaintiff's job title and denied him additional compensation on the basis of his race. The proposed amended complaint also appears to drop all claims against Defendant Jackson.

Defendant Georgia-Pacific has file an opposition in part (Doc. 19) to the proposed amendments, stating that while it has no opposition to both removing Defendant Jackson and adding claims under Title VII and the FCRA, it opposes any claims under the EPA, since such claims may only be based on gender. Defendant Georgia-Pacific is correct; claims of race discrimination are not cognizable under the EPA. Adams v. Fla. Power Co., 255 F.3d 1322, 1329 n. 7 (11th Cir. 2001). Thus, the Plaintiff's attempt to add a claim under the EPA in this case would be futile, and his request to amend his complaint for that purpose is due to be denied. See Ziemba v. Cascade International, Inc., 256 F.3d 1194, 1213 (11th Cir. 2001).

Accordingly, and upon due consideration, it is hereby ordered and adjudged that:

(1) The Report and Recommendation of the Magistrate Judge (Doc. 12) is adopted, confirmed, and made a part hereof;

(2) The Plaintiff's motion to remand (Doc. 5) is DENIED;

(3) The Plaintiff's motion to amend his complaint (Doc. 18) is GRANTED IN PART and DENIED IN PART.  The Plaintiff shall be given leave to amend his complaint to remove Defendant Jackson from this litigation, and to include claims under both Title VII and the FCRA, with respect to his alleged race discrimination.  The Plaintiff may not amend his complaint to include any claims under the EPA.  The Plaintiff shall file his amended complaint within ten (10) days of the date of this order.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 26th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record